RECORD NO. 14-1307

In The
# United States Court of Appeals
For The Fourth Circuit

## MARTIN PATRICK SHEEHAN,

*Plaintiff – Appellee*,

v.

## KARL K. WARNER,

*Defendant – Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

## BRIEF OF APPELLANT

**Martin P. Sheehan**
S<small>HEEHAN</small> & N<small>UGENT</small>, PLLC
**41 15th Street**
**Wheeling, West Virginia 26003**
**(304) 232-1064**

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __14-1307__    Caption: Sheehan v Warner

Pursuant to FRAP 26.1 and Local Rule 26.1,

Warner
(name of party/amicus)


who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

10/28/2013 SCC                              - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Ed Kohout                              Date: 6-13-14

Counsel for: Warner

## CERTIFICATE OF SERVICE
**************************

I certify that on ___6/13/14___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Martin Sheehan
Wheeling, WV


_____                              6/13/14
       (signature)                                      (date)

- 2 -

# Table of Contents

|                                                                          | Page  |
|--------------------------------------------------------------------------|-------|
| Table of Authorities                                                     | iii   |
| Statement of Jurisdiction                                                | 1     |
| Statement of the Issues                                                  | 2     |
| Statement of the Case                                                    | 2     |
|     The Underlying Case: Complaint to Final Declaratory Judgment | 3     |
|     The Second Proceeding                            | 6     |
|     The Rule 60(b) Motion                            | 8     |
|     The District Court                               | 10    |
|     Statement of the Facts                           | 10    |
|         Operating Agreement      | 10    |
|         The Resolution           | 11    |
|         Transfer Evidence        | 12    |
|         Issue                    | 13    |
| Summary of the Argument                                                  | 13    |
| Standard of Review                                                       | 18    |
| Argument                                                                 | 19    |
|     Introduction to the Argument                     | 20    |
|     New Evidence                                     | 21    |

      Evidence which Existed Prior to the Earlier Final Order . . . . . . . . . . . . . . 21

      Undiscoverable Despite Due Diligence . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

      Materiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

      Probable Effect on the Outcome . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

Page(s)

**Cases**

Aikens v. Ingram,
    652 F.3d 496 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Alpern v. UtiliCorp United Inc.,
    64 F.3d 1525 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ashland Oil, Inc. v. Donahue,
    223 S.E.2d 433, 159 W.Va. 463 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Betterbox Communications, Ltd., v. BB Technologies, Inc.,
    300 F.3d 325 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Bowers v. Atlanta Motor Speedway, Inc. (In re Se. Hotel Props., Ltd. P'ship),
    99 F.3d 151 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Dronsejko v. Thornton,
    632 F.3d 658 (10th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Foster v. Memorial Hospital Ass'n of Charleston,
    219 S.E.2d 916, 159 W.Va. 147 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Fulton v. Robb (In re: Robb),
    23 F.3d 895 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

General Universal Systems, Inc. v. Lee,
    379 F.3d 131 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Goldman v. Capital City Mort. Corp. (In re Nieves),
    648 F.3d 232 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Grayson Consulting, Inc. v. Wachovia Sec., LLC
(In re Derivium Capital LLC),
    716 F.3d 355 (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Liquidation Com'n of Banco Intercontinental, S.A., v. Renta,
    530 F.3d 1339 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Rineri v. News Syndicate Co.,
    385 F.2d 818 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Robb v. Norfolk and Western Railway, Co.,
    122 F.3d 354 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Serafinn v. Local 722, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America,
    597 F.3d 908 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21

Serio v. Badger Mutual Ins. Co.,
    266 F.2d 418 (5th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Sleek v. J.C. Penney Co., Inc.,
    292 F.2d 256 (3d Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Steelcase, Inc. v. Delwood Furniture Co., Inc.,
    578 F.2d 74 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Stilwell v. Travelers, Ins. Co.,
    327 F.2d 931 (5th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 25

Theracor Process, L.P. v. BASF Corp.,
    567 F.3d 736 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Williams v. S. M. Smith Ins. Agency,
    75 W. Va. 494, 84 S.E. 235 (1915) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25-26

Wilmer v. Board of County Commissioners,
    69 F.3d 406 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Statutes**

11 U.S.C. § 365 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 541(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

11 U.S.C. § 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

11 U.S.C. § 547(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 547(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 547(e)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 547(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

11 U.S.C. § 550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 23

28 U.S.C.§ 157(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

W.Va. Code § 40-1A-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

W.Va. Code § 46-2-315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**Rules**

Bankruptcy Rule 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Bankruptcy Rule 9024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
Fed. R. App. P. 4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Civ. P. 60(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20, 21

Fed. R. Civ. P. 60(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. Civ. P. 60(b)(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## Statement of Jurisdiction

This is an appeal rooted in a final order entered in an Adversary Proceeding pending in the United States Bankruptcy Court for the Northern District of West Virginia. That order denied a motion seeking relief under Federal Rule of Civil Procedure 60(b)(2) which is incorporated by reference into Bankruptcy Rule 9024. That motion sought to change a earlier final order providing non-monetary declaratory judgment relief to the Trustee in favor of an order awarding a monetary judgment for the Trustee.

Jurisdiction existed in the Bankruptcy Court pursuant to 28 U.S.C. § 1334 and § 157(a). The first final order in the Adversary Proceeding was entered on December 19, 2011. (J.A. 388) Rule 60(b) requires a motion for relief to be filed within one year of the final order. The motion at issue was filed within that time period on October 1, 2012. (J.A. 391) The Bankruptcy Court denied relief on April 26, 2013. (J.A. 427A) That ruling was a second final order. Appeals can be timely filed under Bankruptcy Rule 8002 by filing a notice of appeal within 14 days. A timely notice of appeal was filed on April 29, 2013. (J.A. 423)

The United States District Court for the Northern District of West Virginia had jurisdiction to hear an appeal from the Bankruptcy Court under 28 U.S.C. § 1334 and § 158. That Court rendered a final decision on March 5, 2014. (J.A. 414)

1

**Certificate of Compliance**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*6,341*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: June 30, 2014                    /s/ Martin P. Sheehan
                                        *Counsel for Appellant*

## Certificate of Filing and Service

I hereby certify that on this 30th day of June, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Edward R. Kohout
> THE LAW OFFICES OF EDWARD R. KOHOUT, PLLC
> 235 High Street, Suite 307
> Morgantown, West Virginia 26505
>
> *Counsel for Appellee*

I further certify that on this 30th day of June, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above addresses.

/s/ Martin P. Sheehan
*Counsel for Appellant*