No. 14-1307

## UNITED STATES CIRCUIT COURT
## FOR THE FOURTH CIRCUIT

**MARTIN P. SHEEHAN,**

      **Appellant,**

**v.**                    **District Court cases**
                                          **1:13-cv-165 IMK**
                                          **1:13-cv-166 IMK**

**Karl K. Warner,**

                                        **(AP No. 10-AP-100)**
                                          **10-bk-888**

      **Appellee,**

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT CLARKSBURG
## 1:13-cv-193 IMK, 3/4/2014

## <u>APPELLEE'S RESPONSE BRIEF</u>

Edward R. Kohout, Esquire
Counsel for Appellee
235 High Street, Suite 307
Morgantown, WV 26505
(304) 777-4086
(304) 777-4087 fax

# Table of Contents

Table of Authorities                                      Page  3

Subject Matter and Appellate Jurisdiction      Page  4

Statement of the Issues                              Page  4

Statement of the Case                              Page  4

Summary of Argument                              Page  5

Standard of Review                                  Page  5

Argument                                                Page  6

      The District Court correctly dismissed
the appellant's Rule 60(b) motion as untimely
filed and correctly upheld the rulings of
the bankruptcy court.

Conclusion                                              Page  8

Certificate of Compliance                          Page 10

Certificate of Service                                Page  11

## Table of Authorities

Shultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).        Page 6

Central Operating Co. v.  Utility Workers, 491 F.2d 245

(4th Cir. 1974)                                              Page 8

Park Corp. v. Lexington Ins. Co., 812 F.2d 894

(4th Cir. 1987)                                              Page 8

Subject Matter and Appellate Jurisdiction

The appellee agrees with the statement of jurisdiction of the appellant.

Statement of the Issues

Whether the District Court erred in denying the appellant's Rule 60(b) Motion for reconsideration of the bankruptcy court's rulings.

Whether the District Court erred in dismissing as moot the appellant's motions to withdraw reference and for consolidation of cases.

Statement of the Case

This case began in bankruptcy court in the Northern District of West Virginia. The Appellant was the Chapter 7 trustee for one Benjamin Warner which was filed in April of 2010. Years prior to the filing Ben had transferred his one-sixth share of his family's farm to his brother Karl Warner as security for a loan which Karl had made to his brothers for their Morgantown real estate development, which later failed.  Appellant filed an adversary proceeding on 7/30/2010 claiming a fraudulent transfer of the share, and sought a judgment claiming its value of $180,000 was based on tax returns and capital account figures. On July 1, 2011 Judge Flatley issued an opinion ruling on summary judgment that due to a lack of formality, the transfer never occurred. The court later ruled on November 29, 2011 that the share was property of the bankruptcy estate, but declined to grant monetary relief and the case was closed. The appellant then went forum shopping and

filed suit in District Court on 12/2/2011 (11-cv-193 IMK) for an injunction and again seeking a money judgment. The case was referred back to the bankruptcy court and became docketed as 12-ap-35. Appellant also went back and filed a Rule 60(b) motion for reconsideration of the July 1, 2011 ruling on September 27, 2012. On September 27, 2013 the bankruptcy court again ruled against the appellant and denied his Rule 60(b) motion for reconsideration as untimely filed. He then filed an appeal with the District Court based on Rule 60(b) which was denied on 3/4/2014.

## Summary of Argument

The District Court correctly dismissed the appellant's Rule 60(b) appeal as untimely filed. The appellant never timely objected to the bankruptcy court's interlocutory rulings on his motions for summary judgment and failed to file his Rule 60(b) motion nearly ten months after the bankruptcy court's final ruling on November 29, 2011 closing the case.

## Standard of Review

Rulings on Rule 60(b) motions for reconsideration are reviewed on appeal for abuse of discretion. Shultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).

<u>Argument</u>

This sad case has dragged on for four years, with the appellant seeking to cash in on the debtorøs share of a family farm. He has advocated a variety of different and contradictory theories of recovery, including calling the share a certificated stock share under UCC Article 8, claiming a õcommon law rightö to dissolve the company as a disassociated member, to the terms of the operating agreement mandating dissolution upon the filing of bankruptcy of Ben Warner, and later claiming that the operating agreement was ambiguous, and finally claiming õnewly discovered evidenceö in the form of a resolution by the Warners to continue the company form after Benøs bankruptcy, and that the Warners themselves õthoughtö they had made a transfer. All of these facts and arguments have been thoroughly and painstakingly considered by the bankruptcy judge Patrick Flatley and rejected. In essence, Judge Flatley ruled that the appellant, as trustee, had charge over a one-sixth share of a family farm, but repeatedly refused to grant appellant a money judgment. Under West Virginia law, a membersø share of a limited liability company is based on his expectancy of a share of profits. In this case, the Warner McCoy Farms LLC is a family home and gathering place and not a business. They organized it into a limited liability õcompanyö only to shield it from creditors. It has no

business and generates no profits. So the shares have no value and are only held by family members.

A close reading of Judge Keeley's memorandum opinion shows that the appellant failed to timely object to Judge Flatley's rulings. The orders on appellant's summary judgment motion of July 1, 2011 that no avoidable transfer occurred were admittedly interlocutory. A request for reconsideration should have been filed prior to entry of the final order which came on November 29, 2011 closing the case. The order of November 29, 2011 closing the case was a final and appealable order yet appellant waited until ten months later on September 27, 2012. Rule 60(c) requires such motions to be made "within a reasonable time". Judge Keeley agreed with Judge Flatley that the time to complain had long passed and rejected the appellant's argument that the bankruptcy court has "misunderstood" the intent of his motion.

Relief under FRCP Rule 60(b) is discretionary, and can be made for excusable neglect, where the motion is timely filed, and where the movant can show that he has a meritorious claim or defense, and where the opposing party would not be unfairly prejudiced. Central Operating Co. v. Utility Workers, 491 F.2d 245 (4th Cir. 1974); Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987).

The appellant fails to meet any of these requirements for Rule 60(b) relief. First, the motion was untimely filed. Beyond that, he cannot demonstrate that he has a meritorious claim for a money judgment for the share, and there was no õnewly discovered evidenceö or õmistake, inadvertence, surprise or excusable neglectö. The appellantøs argument that Judge Flatley õmisunderstoodö the intent of his motion was properly rejected. He also argued that a resolution signed by the Warners to continue to company after the July 1, 2011 ruling was õnewly discovered evidenceö. All of this was fully considered by the bankruptcy court and rejected.

But this appeal does not involve the merits of the case below. The sole issue before the Court is the <u>timeliness</u> of the Rule 60(b) motion. Appellantøs motion was not filed within a reasonable time, given the fact that the appellant is a seasoned Chapter 7 trustee and well aware of the rules. It is clear that his Rule 60(b) motion was a desperate attempt to gain the lower courtøs further attention. Four years of litigation and several rulings later we reach this point.

## Conclusion

This case could represent an example of õlawsuit abuseö. The appellant has waged war on the appellee and his family to cash in on the debtorøs one share of a family farm which has no commercial value and

should have been abandoned. The appellant has no Rule 60(b) argument

since he failed to timely object to the rulings of the bankruptcy court, and

appellee moves to dismiss this appeal.

/s/ *Edward R. Kohout*

_____

Edward R. Kohout
Counsel for Appellee
W. Va. Bar 4837
235 High Street # 307
Morgantown, WV 26505
304-777-4086
304-777-4087 fax

11

## **Certificate of Service**

I certify that I served a copy of the foregoing Appellee's Brief upon

Martin Sheehan and all counsel of record via CM/ECF and regular US Mail

at 41 15th Street Wheeling, WV 26003 this _30th  day of July 2014.


/s/ *Edward R. Kohout*

_____